**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | **Case. No. 21-CR-508 (BAH)** |
| **LANDON BRYCE MITCHELL** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

Pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1), Defendant Landon Bryce Mitchell respectfully moves this Court for release pending appeal. Mr. Mitchell satisfies the criteria for release because he poses no flight or safety risk, his appeal is not for the purpose of delay, and his appeal raises a substantial question of law that, if decided in his favor, would likely result in a reduced imprisonment sentence that would expire before his appeal concludes. In particular, a substantial question exists as to whether the statute underlying Mr. Mitchell's felony conviction, 18 U.S.C. § 1512(c)(2), applies to his conduct on January 6, 2021, in light of the Supreme Court's recent decision to grant certiorari in *United States v. Fischer,* No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

**Background**

On December 8, 2021, following an earlier criminal complaint, Mr. Mitchell was charged by indictment with six counts: Obstruction of an Official Proceeding and

Aiding and Abetting under 18 U.S.C. § 1512(c)(2) (Count One), Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1) (Count Two), Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(2) (Count Three), Entering and Remaining on the Floor of Congress, 40 U.S.C. § 5104(e)(2)(A) (Count Four); Disorderly Conduct in a Capitol Building under 18 U.S.C. § 5104(e)(2)(D) (Count Four), and Parading, Demonstrating, or Picketing in a Capitol Building under 18 U.S.C. § 5104(e)(2)(G) (Count Five). *See* Dkt. 18 (Case No. 21-cr-717).

On September 2, 2022, Mr. Mitchell filed a motion to dismiss Count One (the felony obstruction count, 18 U.S.C. § 1512(c)(2)), on the grounds that, among other things, the conduct Mr. Mitchell has been accused of committing did not satisfy § 1512(c)(2)'s actus reus requirement because he did not take "some action with respect to a document, record, or other object." *See* Dkt. 50 at 8. On November 22, 2022, this Court denied Mr. Mitchell's motion to dismiss. *See* Dkt. 79.

On December 8, 2022, following a stipulated bench trial, this Court convicted Mr. Mitchell on all counts. *See* Bench Trial Tr. 71. During the stipulated bench trial, the parties agreed that Mr. Mitchell was preserving his legal challenge to § 1512. *See id.* at 9.

On April 7, 2023, the D.C. Circuit decided *United States v. Fischer*, reversing a decision by Judge Nichols, adopted a "broad interpretation" of § 1512(c)(2) that "encompass[es] all forms of obstructive acts[,]" not just those related to a "record,

document, or other object" as mentioned in § 1512(c)(1). *United States v. Fischer*, 64 F.4th 329, 337 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023). The D.C. Circuit's decision in *Fischer* was subject to a vigorous dissent by Judge Katsas. *Id.* at 363-83 (Katsas, J., dissenting).

Mr. Mitchell was sentenced to an aggregate term of 27 months (27 months on Count 1; 12 months on Counts 2 and 3; 6 months on Counts 4, 5, and 6), followed by 3 years of supervised release (3 years on Count 1; 1 year on Count 2 and 3). *See* Dkt. 134 at 3-4.

On December 13, 2023, the Supreme Court granted certiorari in *Fischer*. The question now pending before the Court is as follows: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See United States v. Fischer,* No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

**<u>Grounds for Release Pending Appeal</u>**

A court "shall order the release" of an individual pending appeal if it finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
- (i) reversal,
- (ii) an order for a new trial,
- (iii) a sentence that does not include a term of imprisonment, or
- (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Perholtz*, 836 F.2d 554, 555, 557 (D.C. Cir. 1987).

After determining that a defendant is neither a flight risk nor a danger to the community, courts use a two-step inquiry to determine whether to release that defendant pending appeal under § 3143(b)(1): "(1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to [one of the options enumerated in § 3143(b)(1)(B)(i)–(iv)]?" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). "[A] substantial question is a close question or one that very well could be decided the other way." *Id.* (internal quotation marks omitted). In light of the Supreme Court's decision to hear *Fischer*, Mr. Mitchell meets all of the statutory criteria for release pending appeal.

**A. Mr. Mitchell poses no flight or safety risk.**

From his arrest on October 20, 2021, until the day he reported to prison, Mr. Mitchell was released on conditions in this case. Although Mr. Mitchell did not have ideal compliance with his conditions of release (in particular, the conditions regarding prompt reporting, drug use, and drug counseling), he remained on bond in this case during the entirety of his over two years on pretrial release, save for a brief arrest for drug possession following which this Court declined to revoke his release. During the pendency of his case, Mr. Mitchell never once fled nor posed a risk to the safety of others. He traveled back and forth from Texas where he resided to his court dates. And in his final three months of pretrial release, Mr. Mitchell successfully complied with his conditions of release while on home confinement and living with his brother and sister-in-law. During sentencing, this Court said that it was "impressed by how well [Mr. Mitchell was] doing the last three months" and allowed him to self-surrender. *See* Sentencing Tr. 131-32. He self-surrendered without incident on November 1, 2023, following a term of incarceration in Virginia for a probation violation where the violation was the instant offense

For these reasons, Mr. Mitchell presents no flight or safety risk.

**B. Mr. Mitchell's appeal raises a substantial question and therefore is not for the purpose of delay.**

In light of the Supreme Court's grant of certiorari in *Fischer*, whether § 1512(c)(2) applies to Mr. Mitchell's conduct undoubtedly is a substantial question of law.

A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require the Court to find that Mr. Mitchell's appeal establishes a likelihood of *reversal*. *See Bayko*, 774 F.2d at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that "'very well *could* be'" decided in the defendant's favor. *United States v. Shoffner,* 791 F.2d 586, 589 (7th Cir. 1986) (quoting *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985)).

As the Court is aware, Mr. Mitchell challenged the legal propriety of the felony obstruction count, 18 U.S.C. § 1512(c)(2), in this case. In fact, he raised the precise legal argument the Supreme Court is considering in *Fisher*: whether 18 U.S.C. § 1512(c) covers "acts unrelated to investigations and evidence." *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023).

As to that issue, substantiality is neither hypothetical nor debatable: the Supreme Court has granted certiorari. "If the Supreme Court decides as Judge Nichols did in the *Fischer* trial court decision, or as Judge Katsas opined in his dissent in *Fischer*, [Mr. Mitchell's] conduct would likely not come within the scope of the statute, and the § 1512(c)(2) conviction would be reversed." *United States v. Sheppard*, 2024 WL 127016, at *3 (D.D.C. Jan. 11, 2024). The Supreme Court's

decision to grant cert—especially in the absence of a clear circuit split[1]—means that this issue could "very well" be decided in Mr. Mitchell's favor. As Judge Mehta recently noted, "it takes four justices to grant certiorari and, although this court will not attempt to read tea leaves, the Supreme Court's decision to review *Fischer* means, at a minimum, that this case poses a 'close question.'" *United States v. Adams*, No. 21-CR-354 (APM), 2024 WL 111802, at *2 (D.D.C. Jan. 10, 2024); *accord Sheppard*, 2024 WL 127016, at *3; Min. Order, *United States v. Clark*, Crim. A. No. 21-538 (DLF) (D.D.C. Dec. 21, 2023). *See also* Gov. Opp. (12/22/2023), *United States v. Strand*, No. 23-3083 (D.C. Cir.), at 8 (agreeing that, following grant of cert, the *Fischer* issue is a substantial question).

**C. Resolution of this substantial question in Mr. Mitchell's favor would likely result in a reduced imprisonment sentence that would expire before his appeal concludes.**

If decided in Mr. Mitchell's favor, his appellate challenge to the applicability of § 1512(c)(2) would likely result in a reduced imprisonment sentence that would expire before his appeal concludes.

As an initial point, under the sentencing-package doctrine, Mr. Mitchell's misdemeanor sentence would be vacated upon the reversal of his felony obstruction conviction. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the

---

[1] *See* Brief for U.S. in Opp. to Writ of Cert, *Fischer et al. v. United States*, https://t.ly/8Vgds, at 18 (explaining that "the decision below does not conflict with the decision of any other court of appeals.").

correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006); *see also United States v. Ivostraza-Torres*, 717 F. App'x 172, 174 (3d Cir. 2017) (noting that "when the vacation of a count affects the total offense level, Guideline range, or sentence itself," the Court will have to conduct a resentencing).

With the obstruction conviction, Mr. Mitchell's offense level was 14 and his Criminal History Category was IV, resulting in a Guidelines range of 27 to 33 months. *See* Dkt. 135. This Court sentenced Mr. Mitchell to a bottom-of-the-Guidelines sentence of 27 months.

Without the obstruction conviction, Mr. Mitchell's sentence will almost certainly be lower. To start with, his offense level will be 8, not 14. Section 2B2.3 applies to Count 2, resulting in an offense level of 10. *See* PSR 66; U.S.S.G. § 2B2.3. Section 2A2.4 applies to Count 3, resulting in an offense level of 6. *See* PSR 67; U.S.S.G. § 2A2.4. These two offenses are grouped together, meaning the highest offense level (10) applies. *See* PSR 69. Accounting for acceptance of responsibility pursuant to USSG §3E1.1(a), Mr. Mitchell's offense level drops to 8.[2] Assuming Mr. Mitchell receives the reduction in status points he is entitled to under the recent retroactive Guidelines amendment, he is in Criminal History Category III,[3] and this results in a guidelines range of 6 to 12 months. *See* Sentencing Table.

[2] Mr. Mitchell's other misdemeanor offenses are not governed by the Guidelines.

[3] Mr. Mitchell received two so called "status points" because he committed the instant offense while serving a criminal justice sentence. PSR ¶ 85. The Commission has since retroactively amended the Guidelines to eliminate those two points for anyone with 7 or fewer criminal history points (not

Without Mr. Mitchell's obstruction conviction, "he w[ill] be a misdemeanant, not a felon," *Adams*, 2024 WL 111802, at *3, and his misdemeanor sentence will likely be at the bottom of—or below—his Guidelines range. In other cases involving misdemeanor-only January 6 defendants, this Court has consistently imposed sentences below the bottom of Mr. Mitchell's guidelines, including some home detention sentences.[4]

Mr. Mitchell began serving his sentence of incarceration on November 1, 2023, when he self-reported to FCI Beaumont. As of today's date, he has already served nearly three months of imprisonment. Assuming the Supreme Court sets *Fischer* for argument this term, an opinion is likely to issue sometime in late spring, probably late June (at which point Mr. Mitchell will have served nearly 8 months). Plus, as this Court noted during the stipulated bench trial, not only did Mr. Mitchell preserve

including status points). *See* Amend. 821 (Part A), U.S.S.C. (eff. Nov. 1, 2023); U.S.S.G. § 4A1.1(e). Since, without the status points, Mr. Mitchell has a criminal history score of 6, this amendment applies to him. *Id.* A motion for a reduction in sentence based on this amendment is forthcoming.

[4] *See, e.g.*, *United States v. Brian McCreary*, No. 21-cr-125 (BAH) (18 U.S.C. § 1752(a)(1); 42 days' intermittent confinement, 60 days' home detention); *United States v. Robert Schornack*, No. 21-cr-278 (BAH) (18 U.S.C. § 1752(a)(1); 28 days' intermittent confinement, two months' home detention); *United States v. Daniel Heredeen*, No. 21-cr-278 (BAH) (18 U.S.C. § 1752(a)(1); 14 days' incarceration, 60 days home detention); *United States v. Reed Blake*, No. 21-cr-204 (BAH) (18 U.S.C. § 1752(a)(1); 42 days' intermittent confinement, 3 months home detention); *United States v. Lindsey Terry*, No. 21-cr-162 (BAH) (18 U.S.C. § 1752(a)(1), 40 U.S.C. §§ 5104(e)(2)(D), (e)(2)(G); 5 months' incarceration); *United States v. James Allen Mels*, No. 21-cr-184 (BAH) (18 U.S.C. § 1752(a)(1), 3 months home detention); *United States v. Jolene Eicher*, No. 22-cr-38 (BAH) (18 U.S.C. §§ 1752(a)(1), (a)(2); 40 U.S.C. §§ 5104(e)(2)(D), (e)(2)(G); 2 months' incarceration); *United States v. Heather Kepley*, No. 23-CR-162 (BAH) (18 U.S.C. § 1752(a)(1); 28 days' intermittent confinement; 60 days' home detention); *United States v. Ronald Andrulonis*, No. 23-cr-85-BAH (18 U.S.C. § 1752(a)(1); 14 days' intermittent confinement, 60 days' home detention). *But see United States v. Glen Mitchell*, No. 21-CR-00346 (BAH) (18 U.S.C. § 1752(a)(2); 8 months' incarceration in case involving violent physical contact with law enforcement).

his § 1512 objection, but he also did not waive his other appellate issues. Therefore, Mr. Mitchell's appeal is likely to drag on for many months even after the Supreme Court decides *Fischer*.[5] By that time, Mr. Mitchell will have served well over not only the bottom of the Guidelines, but the top of them as well.

Thus, a favorable resolution of the substantial question raised by Mr. Mitchell is likely to result in a sentence less than the total of the time he has already served plus the expected duration of the appeal process. Release pending appeal, accordingly, is appropriate. *See, e.g.*, *Adams,* 2024 WL 111802, at *3 (granting release pending appeal to defendant who, like Mr. Mitchell, had "entered the Senate chamber on January 6" but, unlike Mr. Mitchell, made "troubl[ing] . . . public statements . . . denying responsibility").

[5] The median time interval from the filing of a notice of appeal to disposition in the D.C. Circuit is 11.3 months. U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), available at https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf.

## Conclusion

For these reasons, Mr. Mitchell respectfully moves for release pending appeal.

Respectfully Submitted,

A. J. KRAMER

Federal Public Defender for the
District of Columbia

by:________s/_____________
Courtney L. Millian
Elizabeth A. Mullin
Diane A. Shrewsbury
Assistant Federal Public Defenders
625 Indiana Avenue, NW
Washington D.C. 20004
202 208-7500