UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, | |
| v. | Case No. 21-cr-508 (BAH) |
| Landon Bryce Mitchell, | |
| Defendant. | |

**Motion to Reduce Sentence**

Landon Bryce Mitchell, through counsel, respectfully requests that the Court reduce his term of imprisonment from 27 months to 21 months (thereby modifying his projected release date from 9/17/2025 to 3/17/2025), due to a retroactively applicable amendment to the U.S. Sentencing Guidelines impacting so-called "status points." *See* Amend. 821 (Part A), U.S.S.C. (eff. Nov. 1, 2023).

At the outset, Mr. Mitchell explains that this Court may entertain this motion while this case is on appeal in the D.C. Circuit. Federal Rule of Appellate Procedure 4(b)(3) deprives a district court of jurisdiction once an appeal has been filed and therefore a district court cannot grant a motion without a remand. However, Federal Rule of Criminal Procedure 37 addresses this very situation and allows a district court to consider the motion and either (a) deny it, (b) defer consideration, (c) state that it would grant the motion if the court of appeals remands for that purpose, or (d) state that the motion raises a substantial issue. *See United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984). Mr. Mitchell therefore requests that this Court give an "indicative ruling" that it would grant the motion should the D.C. Circuit remand for that purpose, so that Mr. Mitchell may request that the D.C. Circuit issue a limited remand of the case under rule Fed. R. App. Pro. 12.1.

1

In December 2022, following a stipulated bench trial, this Court convicted Mr. Mitchell of obstructing an official proceeding and several other counts related to his conduct on January 6, 2021. His Guidelines range was 27 to 33 months. At the time, he had a total offense level of 14 and received 6 criminal history points, plus 2 so-called "status points" because Mr. Mitchell committed the underlying offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *See* U.S.S.G. § 4A1.1(d) (2022); PSR ¶ 85. Mr. Mitchell was ultimately sentenced to 27 months— amounting to a bottom-of-the-Guidelines sentence. He is projected to complete his prison sentence on September 17, 2025.[1]

The Sentencing Commission has extensively researched the status-point enhancement and determined that "status points add little to the overall predicate value associated with criminal history score." Notice, *Sentencing Guidelines for U.S. Courts*, U.S.S.C., 88 Fed. Reg. 2582540-01, 28273 (May 3, 2023).[2] As such, the Commission amended and retroactively "limit[ed] the overall criminal history impact of status points" through passing Part A of Amendment 821. *See* U.S.S.G. § 1B1.10, commentary, n.7. Part A of Amendment 821 eliminated the old-guidelines' approach of adding two points whenever a defendant committed an offense while under a criminal-justice sentence; instead, the amendment adds a single status point *only* for defendants who *otherwise* have seven or more criminal-history points; those with

---

[1] *See* Bureau of Prisons, *Inmate locator*, available at https://www.bop.gov/inmateloc/ (reporting an individual's projected release date).

[2] Specifically, it found that "status points improve the criminal history score's successful prediction of rearrest for only 15 out of 10,000 offenders"—amounting to .0015. *See Revising Status Points*, U.S.S.C. at 18 (2022), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf.

2

fewer than seven criminal-history points otherwise receive *no* status points. *See* U.S.S.G. § 4A1.1(e).

With this amendment, this Court is authorized to reduce Mr. Mitchell's sentence under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) authorizes the Court to reduce a prison sentence imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Commission." *Id.*; *see also* U.S.S.G. § 1B1.10(a)(1). The Commission's applicable policy statements create two relevant limitations to granting a sentence reduction: (1) any reduction cannot go below the low-end of the now-applicable guidelines' range, *see* U.S.S.G. § 1B1.10(b)(2)(A); and (2) any order reducing the term of imprisonment must have an effective date of February 1, 2024 or later, *see* U.S.S.G. § 1B1.10(e)(2); *id.* commentary, n. 7.

Mr. Mitchell is eligible for a sentence reduction given that his original sentencing range (shown below on the left) has been subsequently lowered by the Sentencing Commission (shown below on the right):

|  | **Original Sentence** | **Application of Amendment 821 (Part A)** |
|---|---|---|
| Total offense level: | 14 | 14 |
| Criminal history points: | 6 | 6 |
| Status points: | 2 | 0 |
| Criminal history category: | IV | III |
| Guideline range: | 27-33 months | 21-27 months |
| Sentence: | 27 months | 21 months |
| Projected release date: | 9/17/2025 | 3/17/2025 |

As shown above, if Part A of Amendment 821 had been in force when Mr. Mitchell was sentenced, his guideline range would have been 21-27 months instead of 27-33 months.

Accordingly, Mr. Mitchell respectfully requests that the Court convert the bottom-of-the-guidelines' sentence he received under the old guidelines (27 months with a range of 27-33 months) to a bottom-of-the-guidelines' sentence under the now-applicable guidelines (21 months with a range of 21-27 months).

        Respectfully submitted,

        A. J. KRAMER
        FEDERAL PUBLIC DEFENDER

        _____/s/_____
        COURTNEY L. MILLIAN
        Assistant Federal Public Defender
        Federal Public Defender's Office
        625 Indiana Ave, NW, Suite 550
        Washington, D.C. 20004